UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

2008 MAY 19 AM 10: 19

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**Rodrigo RAMIREZ-Martinez**

Defendant.

'08 MJ 1557
Magistrate Case No.________

COMPLAINT FOR VIOLATION OF

Title 8, U.S.C., Section 1324(a)(2)(B)(iii)-
Bringing in Illegal Alien(s) Without Presentation

The undersigned complainant being duly sworn states:

On or about **May 17, 2008**, within the Southern District of California, defendant, **Rodrigo RAMIREZ-Martinez** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that alien, namely, **Salvador CISNEROS-Vazquez**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Claudia Rios, U.S. Customs and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **19TH** DAY OF MAY, 2008.

UNITED STATES MAGISTRATE JUDGE

**PROBABLE CAUSE STATEMENT**

I, United States Customs and Border Protection (CBP) Enforcement Officer Eric M. Velazquez, declare under penalty of perjury the following to be true and correct:

The complainant states that **Salvador CISNEROS-Vazquez** is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material; that it is impracticable to secure his attendance at trial by subpoena; and that he is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On May 17, 2008 at about 0305 hours Rodrigo RAMIREZ-Martinez (Defendant) applied for entry into the United States from Mexico through the San Ysidro Port of Entry. Defendant was the driver and sole visible occupant of a green1996 Ford Explorer. A Customs and Border Protection (CBP) Canine Enforcement Officer (CEO) was conducting pre-primary roving operations and targeted Defendant's vehicle. The service canine alerted to Defendant's vehicle. Defendant gave a CBP Officer a negative Customs declaration. Defendant stated he was going to La Jolla, California to shop. The CBP Officer noticed what appeared to be a non-factory compartment in the undercarriage. Defendant was removed from the vehicle, handcuffed and escorted to the security office. A CBP Officer drove the vehicle into the secondary lot for further inspection.

In secondary, a CBP Officer observed what appeared to be a brown leather shoe inside the non-factory compartment. An access panel in the rear cargo area was located. A CBP Officer removed the carpeting, lifted the access panel and discovered to male individuals concealed in a non-factory gas tank compartment. The two Hispanic individuals were identified as **Roberto ALBERTO-Ortega** and **Salvador CISNEROS-Vazquez** and were determined to be citizens of Mexico with no documents to enter or reside in the United States. **Salvador CISNEROS-Vazquez** is now identified as the Material Witness (MW) in case.

At about 0500 during a videotaped proceeding, Defendant was advised of his Miranda Rights. Defendant acknowledged his rights and elected to answer questions without an attorney present. Defendant admitted knowing two undocumented aliens were concealed in the vehicle. Defendant admitted he was to receive $2,000.00 (USD) for the smuggling act. Defendant admitted he was instructed to cross the border, wait to be contacted through cellular phone and be informed of where to deliver the vehicle and aliens. Defendant admitted he was present when the two male undocumented aliens entered the vehicle but denied assisting in the concealment. Defendant admitted knowing alien smuggling is against the law.

A separated interview was conducted with MW. MW admitted he is a citizen of Mexico with no documents to enter or reside in the United States. MW stated he was to pay $4,000.00 to $4,500.00 (USD) to be smuggled into the United States. MW stated he was going to Merced, California to reunite with his family.

EXECUTED ON THIS 17TH DAY OF **MAY 2008** AT **10:00 AM.**

07471

Eric M. Velazquez / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (1) page(s), I find probable cause to believe that the defendant named thisein committed the offense on **May 17, 2008** in violation of Title 8, United States Code, Section 1324.

MAGISTRATE JUDGE

5/17/08 12:05 pm
DATE / TIME